EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
BRIAN G. SMILEY, State Bar No. 180658
Supervising Deputy Attorney General
JEFFREY A. WHITE, State Bar No. 255664
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5158
 Fax: (916) 324-2960
 E-mail: Jeff.White@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWARD DON BROWN,**<br><br>                             Petitioner,<br><br>    v.<br><br>**WARDEN YATES, et. al.,**<br><br>                             Respondent. | 2:05-cv-01195-LKK-DAD (HC)<br><br>**RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER** |

Respondent opposes Petitioner's motion for relief under Federal Rule of Civil Procedure, Rule 60(b).[1]

**INTRODUCTION**

On June 15, 2005, Petitioner filed a federal petition for writ of habeas corpus. The petition alleged, among other things, that he was denied effective assistance of trial counsel when his attorney failed to raise Petitioner's history of mental illness. On March 4, 2009, Magistrate Judge Drozd submitted his findings and recommendations, in which he recommended that Petitioner's application for a writ of habeas corpus be denied. Both parties were given twenty days to file any

---

[1] Unless otherwise noted, all further rule references are to the Federal Rules of Civil Procedure.

1

objections to the findings and recommendations.  On March 31, 2009, after noting that neither party had filed any objections, this Court ordered that the findings and recommendations were adopted in full and that Petitioner's application for a writ of habeas corpus was denied.

On January 8, 2010, Petitioner filed a request for reconsideration under Rule 60(b)(1). (Doc. 24.)  He claims that due to excusable neglect, relief should be granted allowing him "permission to file late objections to the Magistrate's March 4, 2009 findings and recommendations."  Along with Petitioner's Rule 60(b) request, he has also filed his objections. Respondent opposes Petitioner's motion because he has not established that he is entitled to relief under Rule 60(b)(1).

## ARGUMENT

**I.   PETITIONER HAS NOT ESTABLISHED THAT HE IS ENTITLED TO RELIEF FROM THIS COURT'S ORDER DENYING HIS FEDERAL HABEAS CORPUS PETITION**

Petitioner requests relief from this Court's order denying his petition on the ground of excusable neglect.  Respondent submits that Petitioner has failed to establish that he is entitled to such relief under Rule 60(b)(1).

Rule 60(b)(1) provides for relief upon a showing of mistake, inadvertence, surprise, or excusable neglect.  Fed. R. Civ. P. 60(b)(1); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Such motions for relief are "addressed to the sound discretion of the district court."  *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

When deciding whether to grant or deny a Rule 60(b)(1) motion based on excusable neglect, the district court must specifically consider and address four factors.  Pursuant to Rule 60(b)(1), district courts must examine "'at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.' *Bateman*, 231 F.3d at 1223-24 (*citing Pioneer*, 507 U.S. at 395)."  *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).

Respondent submits that an examination of these four factors should lead to a denial of Petitioner's motion.  Under the first factor, granting Petitioner's motion would be prejudicial to

2

Respondent in that it would require the reopening of a case, already litigated on the merits, which began in 2005 and has been closed for nearly a full year following the denial of the petition. Moreover, denial of this motion would result in little prejudice to Petitioner, seeing as how he is simply asking this Court to consider his objections to the findings and recommendations, and the objections simply restate his claim, which the Court has clearly considered in denying his petition.

Second, the length of delay involved here is substantial. Although Petitioner timely filed his motion[2], he did so just barely. Unlike cases in which the court has granted reconsideration under Rule 60(b) following a two or three-week delay (*see Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) *citing Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (rejecting claim of prejudice from two-week delay), Petitioner here has waited almost a full year, the maximum period allowed under Rule 60(c)(1).

Third, Petitioner has failed to provide a valid reason for this delay. He claims that he was not able to represent himself, and that because he has no attorney, he has "had to rely on the help of inmates." He contends that he had another inmate help at his previous prison, but that he only recently found an inmate at his new prison that would help him file his objections. (Doc. 24 at 6-7.) He ignores, however, that a pro se party is not entitled to relief under Rule 60(b)(1) because he lacked the training to properly defend his case on the merits. *Schussler v. Webster*, 2009 U.S. Dist. LEXIS 19530, *16 (S.D. Cal. Mar. 9, 2009) (a *pro se* party not entitled to relief under Rule 60(b)(1) merely because he lacked training to properly defend case on merits). Therefore, Petitioner's simple lack of familiarity with the legal system is not sufficient to prove excusable neglect.

Petitioner, however, claims that he is mentally ill and that his mental-health issues prohibited him from timely filing his objections to the Magistrate Judge's findings and recommendations. (Doc. 24 at 5-6.) A review of Petitioner's health records, however,

---

[2] Rule 60(c)(1) requires that a Rule 60(b)(1) motion be filed "no more than a year after the entry of the judgment or order or the date of the proceeding."

demonstrates that Petitioner was mentally "stable" at the time that his objections were due.[3]  In fact the records specifically show that Petitioner was "stable" from February 11, 2009 through April 7, 2009.  Another report, written on July 15, 2009, states that Petitioner had "been stable throughout the last year. . . ."  Therefore, Petitioner has failed to prove that his alleged mental illness had anything to do with his prolonged delay in filing his objections to the findings and recommendations.  Moreover, he has failed to prove any other valid reason for the delay.

Finally, the fourth factor is whether or not Petitioner has acted in good faith.  Respondent submits that he has not.  As noted above, he never requested the aid of an attorney and he waited nearly an entire year to file his Rule 60(b) motion and his objections.  Furthermore, when he actually did so, he essentially restated his original claim, which this Court has already denied.  Although it does not seem that Petitioner's actions were done with any type of devious intent, it does seem that the delay was willful.  He was aware of the deadline for filing his objections and he ignored it.

Furthermore, Respondent notes local rule 230(j), which requires Petitioner to discuss "new or different facts" and explain "why the facts or circumstances were not shown" previously.  Here, Petitioner fails to raise any new facts.  His objections to the findings and recommendations merely repeat the argument he made in his original petition.

/ / /

/ / /

/ / /

---

[3] Respondent is prepared to submit these documents to the Court following its ruling on the motion to file the exhibit under seal.

Based on the four factors discussed above, as well as the fact that Petitioner has failed to present new facts or circumstances, there is no reason for the court to reconsider the denial of his petition. As such, his motion for reconsideration pursuant to Rule 60(b)(1) should be denied.

Dated: February 26, 2010

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
BRIAN G. SMILEY
Supervising Deputy Attorney General

*/s/ JEFFREY A. WHITE*

JEFFREY A. WHITE
Deputy Attorney General
*Attorneys for Respondent*

SA2005300420
30935813.doc

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Brown v. Warden Yates, et. al.**      No.:   **CIV 2:05-cv-1195 LKK DAD**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>February 26, 2010</u>, I served the attached **RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Edward Don Brown
T-60348
SALINAS VALLEY STATE PRISON
(1050)
PO BOX 1050
SOLEDAD, CA 93960-1050


I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 26, 2010, at Sacramento, California.

|  Jeffrey A. White  |  */s/ Jeffrey A. White* |
| :---: | :---: |
| Declarant | Signature |

SA2005300420
30958485.doc