Edward Don, Brown, T-60348
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA 93960

FILED
MAR 15 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

RECEIVED
MAR 11 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DON, BROWN, <br><br> Petitioner, <br><br> v. <br><br> WARDEN YATES, et al., <br><br> Respondent. | 2:05 CV-01195-LKK-DAD (HC) <br><br> PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO PETITIONER RULE 60(b)(1) MOTION |

On February 26, 2010, Respondent filed it's opposition to Petitioner's motion for relief under Federal Rule of Civil Procedure Rule 60(b)(1). Petitioner contends that Respondent's opposition is meritless and mistakes the facts and evidence that supports Petitioner's Rule 60(b)(1) motion.

This Motion and all previous motion was prepared by Inmate Fred Price, CDCR# H-63510 A5-127L.

March 2, 2010

                                              Fred P.

ARGUMENT

I. PETITIONER HAS ESTABLISHED THAT HE IS ENTITLED TO RELIEF FROM THIS COURT'S ORDER DENYING HIS FEDERAL HABEAS CORPUS PETITION

In Respondent's opposition he argues four factors which he claims, should lead this Court to deny Petitioner's Rule 60(b)(1) motion.

Factor one. Respondent argues petitioner's motion would be prejudicial to him, in that it would require the reopening of a case, already litigated on the merits. (Resp. Opp. at p. 3.)

Petitioner contends that Respondent's argument is without merit. To allow petitioner an inmate who is mentally incompetent seeks to file his objections to the Magistrate's March 4, 2009 findings and recommendation.

As it would not require witnesses or loss of evidence.

Generally prejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party. (see Adams v. Trustees of N.J. Brewery

Employees' Pension Trust Fund 29 F.3d 863, 873-874 (3d Cir. 1994); see also Briscoe v. Klaus (3d Cir. 2008) 538 F.3d 252.)

This case clearly does not prejudiced respondent, based on the courts general description of prejudice. (Briscoe v. Klaus, supra, 538 F.3d 252.)

In addition to tolling the filing deadline during state habeas and other proceedings, AEDPA allows "equitable tolling" where extraordinary circumstances beyond a prisoner's control control make it impossible to file a petition on time. (Spitsyn v. Moore (9th Cir. 2003) 345 F.3d 796, 799.)

Situations in which a court should consider whether to grant equitable tolling when a petitioner is proceeding in pro se, has little education, or is illiterate. A petitioner's mental incompetence can also justify a grant of equitable tolling. (see Brown v. Roe (9th Cir. 2002) 279 F.3d 742; Laws v. La Marque (9th Cir. 2003) 351 F.3d 919; and Espinozo-Matthews v. People of the State of California (2005) 432 F.3d 1021.)

A prisoner's mental illness is a situation that cannot be overcome.

(see Laws v. Marque (9th Cir. 2003) 351 F.3d 919.)

In the Respondent's second factor, he claims the length of delay involved here is substantial. (Resp. Opp. at p. 3.)

Petitioner disagrees with this claim. Under Federal Rules of Civil Procedure Rule 60(b)(1), it permits a court to reopen a judgment for reasons of excusable neglect within one year of the judgment. (see Pioneer Inv. Service Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 741 (1993).)

Thus, the mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial of a 60(b)(1) motion. (Hibernia Nat'l Bank v. Administracion Cert. Jociedao Anonima, 776 F.2d 1277, 1280.)

On one hand respondent argues a claim of substantial delay, which would make Petitioner's motion untimely. And on the other hand he admits, Petitioner's motion is timely filed. The Respondent cannot have it both ways.

On March 4, 2009, the Magistrate Judge issued it's findings and recommendations.

On December 23, 2009, Petitioner filed his Rule 60(b)(1) motion. (see Pet. 60(b)(1) motion. Proof of service.) This motion was well within the required one year period.

In Respondents Third Factor he claims petitioner has failed to provide a valid reason for this delay. (Resp. Opp. at p. 3.)

Again, under the provisions of FRCP Rule 60(b)(1), a motion is timely filed when it is filed within one year of the Courts decision.

If respondent claim is that petitioner has failed to supply an explanation for failing to file his objections on time. Petitioner contends respondent is in error.

In Petitioner's Rule 60(b)(1) he submitted his medical records that since he was a youth he has suffered mental issues.

Petitioner has submitted mental Health records that shows he has met the requirement for inclusion in the mental Health program for treatment of mental incompetency for Hallucinations, disturb thoughts associated to suicide

attempts. (see Rule 60(b)(1) motion Exhibits.)

Issues of mental incompetency is a claim this court has well established justifies equitable tolling. (see Laws v. LaMarque, supra (9th Cir. 2003) 351 F.3d 919.)

The Respondent claims that a review of Petitioner's mental Health record would show that he was stable at the time his objections were due. And that records, shows petitioner was stable from February 11, 2009 through April 7, 2009, and that Petitioner had been stable through 2008.

Petitioner first states, respondent is in error. As Petitioner Rule 60(b)(1) exhibits of his 2008 mental Health records shows he was not stable as the respondent claims. Furthermore the word "stable" as used in his mental Health records, demonstrates that Petitioner's mood was stable. It does not indicate Petitioner was not still mentally competent. It only suggest that treatment has help and should be continued. Therefore before respondent illegally had prison staff devulged petitioner's personal medical records to him, he should have had them devulge correct

information.

Respondent's fourth factor is whether or not Petitioner has acted in good faith, in that he never requested the aid of an attorney, and he waited nearly an entire year to file his Rule 60(b)(1) motion and his objections. Respondent also claims petitioner essentially restates his original claim, and that he's delay was willful.

Petitioner contends Respondent is in error.

First of all, a mentally incompetent inmate cannot be said to be aware of his legal rights. A putative habeas petitioner's mental incompetency — a condition that is obviously, an extraordinary circumstance beyond the prisoner's control — renders the petitioner unable to assist in the preparation of a habeas petition. Such a condition could eviscerate the statutory right to counsel. (see Calderon v. U.S. Dist. Court. 163 F.3d 536 (9th Cir. 1998).) Because petitioner was force to rely upon the assistance of inmates who were not legal minded, petitioner request was never filed. Furthermore it has been this Court policy to deny all request for Counsel.

Petitioner's Rule 60(b)(1) claim is not a restated claim.

The findings and recommendations, the Magistrate Judge argues that Petitioner claims that because he was developmentally disabled he could not have given a voluntary and intelligent plea. Although no evidence has been presented by Petitioner that any party to his hearing found him incompetent to enter a plea, and that counsel's performance and his appointment and apparent advice were objectively reasonable. (Magistrate's findings at p. 9-11.)

Had Petitioner been able to dispute the Magistrate's findings, he would had submitted evidence that Counsel failed to discover due to a failure to investigate Petitioner's past mental health history, that would had supported petitioner's claims of insanity. A claim Counsel abandoned. Which has been highly condemn by both State and Federal Courts. (see Pate v. Robinson (1966) 383 U.S. 375, 15 L. Ed. 2d 815, 86 S.Ct. 836; People v. Corona (1978) 80. Cal.3d 684; and In re Saunders (1970) 2 C.3d 1033.)

Petitioner's mental Health Records prior to his incarceration shows that an argument of mental incompetence was a viable claim. This despite counsel's claim that petitioner was competent. Counsel made an assertion that was not supported by Psychologist pursued by counsel. This new evidence completely contradicts the courts Psychologist that Petitioner has never received mental Health care.

### Conclusion

Therefore, base upon the meritless Opposition by Respondent, and Petitioner's Rule 60(b)(1) exhibits, Petitioner's Rule 60(b)(1) motion should be granted, and this court should appoint counsel to allow Petitioner to file his objections to The Magistrate's findings and recommendations.

Dated: 3-3-10

Respectfully submitted
Edward Don Brown
Edward Brown

Prepared by Fred Price.

STATE OF CALIFORNIA
COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, Edward Brown, declare under penalty of perjury that: I am the Petitioner in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this 5 day of March, 20 10, at Salinas Valley State Prison, Soledad, California 93960-1050.

(Signature) Edward Don Brown
DECLARANT/PRISONER

---

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, Edward Brown, am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-1050.

On March 5, 20 10, I served the foregoing: Petitioner's Reply To Respondents Opposition to Petitioner's Rule 60 (b)(1) Motion

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, California 93960-1050.

Jeffrey A. White Deputy Attorney General
1300 I. Street, Suite 125
Sacramento, CA 94244-2550

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 3/5, 20 10,

Edward Don Brown
DECLARANT/PRISONER