1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD DON BROWN,

11              Petitioner,               No. CIV-S-05-1195 LKK DAD P

12        vs.

13   WARDEN YATES,                        FINDINGS AND RECOMMENDATIONS

14              Respondent.

15   _____/

16            Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  On March 5, 2009, findings and recommendations

18   were filed recommending that habeas relief be denied on petitioner's claims that: (1) he was

19   denied the effective assistance of counsel when his attorney failed to raise the issue of

20   petitioner's developmental disability and its impact on his competency to stand trial; (2) the trial

21   court failed to "personally" take a voluntary and intelligent waiver of petitioner's right to a trial

22   in violation of his due process rights; and (3) he was denied effective assistance of appellate

23   counsel when his attorney on appeal failed to raise potentially meritorious constitutional claims.

24   (Doc. No. 21.)  Petitioner did not file objections to those findings and recommendations.  On

25   March 31, 2009, the findings and recommendations were adopted, habeas relief was denied, this

26   action was dismissed, and judgment was entered.  Petitioner did not file an appeal.

                                            1

On January 8, 2010, petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1) and a request for the appointment of counsel. Therein, petitioner argues that he "should be allowed to file late objections, and he should be appointed legal counsel to do so." (Mot. for Relief from Judgment at 7.) Petitioner has also filed what appear to be his objections to the March 5, 2009 findings and recommendations. (Id. at 7-16.)

Petitioner argues that he was unable to file his objections in a timely manner because of "mental incompetency." (Id. at 4.) He explains that he is in the "prison mental health program" undergoing treatment for "depression AND adjustment disorder with disturbance of mood and conduct; antisocial personality disorder; narcissistic personality disorder; suicidal behavior; hallucinations and past head trauma."[1] (Id. at 5.) Petitioner also informs the court, and provides evidence, that he has a long history of drug and alcohol abuse and suicide attempts, and that he is currently taking "psych medications." (Id. at 5-6 & Exs. B, C, D, E.) He argues that his "mental incompetency" is a situation beyond his control that prevented him from filing timely objections to the March 5, 2009 findings and recommendations. (Id.)

Petitioner also explains that, because he is "not mentally competent to represent himself" and does not have counsel, he has had to rely on the help of other inmates. He states that on May 27, 2008, he was transferred from Mule Creek State Prison, where he had been assisted by another inmate, to Salinas Valley State Prison, where he "only recently" obtained the assistance of an inmate to help him with his legal matters. (Mot. at 6.) As noted above, petitioner has requested the appointment of counsel in order to facilitate the filing of objections to the court's March 5, 2009 findings and recommendations, but has also filed what appear to be his objections to those findings and recommendations. Whatever the precise relief requested by petitioner, for the reasons set forth below, the court concludes that petitioner is not entitled to the

---

[1] On July 23, 2008, petitioner received a "mental health placement chrono" which indicated that he met the criteria for "MHSDS" and that psychotropic medication was prescribed. (Id. at page 52 of 138.)

1  appointment of counsel or to reopen this case for the purpose of filing the objections attached to

2  his motion.

3          Respondent filed an opposition to petitioner's motion for relief from judgment on

4  February 26, 2010.  Therein, respondent argues that: (1) he would suffer prejudice if petitioner's

5  motion is granted because "it would require the reopening of a case, already litigated on the

6  merits, which began in 2005 and has been closed for nearly a full year;" (2) the length of the

7  delay is substantial; (3) the fact that petitioner was unable to find another inmate to help him is

8  not a valid reason for delay; (4) a review of petitioner's health records reflects that petitioner was

9  mentally stable at the time his objections were due; and (5) petitioner has not acted in good faith

10  because he waited an entire year to file his objections and the objections merely restate his

11  original claims. (Opp'n at 3-4.)

12          "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus

13  proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with'

14  applicable federal statutory provisions and rules."  Gonzalez v. Crosby, 545 U.S. 524, 529 (2005)

15  (footnote omitted) (citing 28 U.S.C. § 2254 Rule 11 & Fed. R. Civ. P. 81(a)(2)).  Rule 60(b)

16  provides for relief on the following grounds:

17          (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
          discovered evidence which by due diligence could not have been
18          discovered in time to move for a new trial under Rule 59(b); (3)
          fraud (whether heretofore denominated intrinsic or extrinsic),
19          misrepresentation, or other misconduct of an adverse party; (4) the
          judgment is void; (5) the judgment has been satisfied, released, or
20          discharged, or a prior judgment upon which it is based has been
          reversed or otherwise vacated, or it is no longer equitable that the
21          judgment should have prospective application; or (6) any other
          reason justifying relief from the operation of the judgment.

22

23  Fed. R. Civ. P. 60(b).  Motions seeking such relief are addressed to the sound discretion of the

24  district court.  Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004).  A motion under

25  Rule 60(b) must be made within a reasonable time and, with respect to grounds (1), (2) and (3)

26  set forth above, not more than a year after the entry of judgment or order from which relief is

3

1  being sought.  Rule 60(c) of the Federal Rules of Civil Procedure.  Petitioner's motion, which is

2  based on Rule 60(b)(1), was filed within one year from the entry of judgment in this case and is

3  therefore timely.

4         Petitioner argues, in essence, that his failure to file timely objections was the

5  result of excusable neglect.  The determination of whether neglect is excusable "is at bottom an

6  equitable one, taking account of all relevant circumstances surrounding the party's omission."

7  Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting Pioneer Inv. Servs. Co. v.

8  Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)).  To determine when neglect is excusable, a

9  reviewing court must examine four factors: (1) the danger of prejudice to the opposing party; (2)

10  the length of the delay and its potential impact on the proceedings; (3) the reason for the delay;

11  and (4) whether the movant acted in good faith.  Lemoge, 587 F.3d at 1192.

12         After a review of the record, this court concludes that petitioner has failed to

13  demonstrate a valid reason for his delay in filing objections to the court's March 5, 2009 findings

14  and recommendations.  The medical records submitted by both parties reflect that during the time

15  period permitted for filing of those objections, petitioner's mental condition was described as

16  "stable," he had adjusted to prison life after initial difficulties, his thought processes were within

17  normal limits, he was not suffering delusions, he had no suicidal ideation, his intellectual

18  functioning was within normal limits, he was "doing well," he had "no signs of distress or

19  deterioration," and he was taking medication to control his symptoms.[2]  (Mot., Ex. B,

20  consecutive p. 1.)  There is no evidence before the court indicating that petitioner was unable to

21  file objections to the findings and recommendations during the relevant period, notwithstanding

22  his long history of mental health problems.  For example, petitioner has not alleged how his

23  mental illness or any side effects of his medication rendered him incapable of filing timely

24  _____

25         [2]  In his reply brief, petitioner states that the word "stable," when used in mental health
   records, demonstrates only that "petitioner's mood was stable" and that "treatment has help[ed] and
26  should be continued."  (Reply at consecutive p. 6.)

4

1  objections.  See Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (upholding a finding

2  that equitable tolling of the limitations period for filing a federal habeas petition was inapplicable

3  where prisoner failed to show causal connection between physical and mental disabilities and

4  inability to timely file petition), modified on other grounds by, 447 F.3d 1165 (9th Cir. 2006).

5  The cases cited by petitioner in support of his argument that his history of mental health issues

6  constituted "excusable neglect" for failing to file timely objections are not on point.  See Brown

7  v. Roe, 279 F.3d 742 (9th Cir. 2002) (holding that district court abused its discretion by failing to

8  consider petitioner's claim that the one-year limitations period for filing a federal habeas petition

9  was equitably tolled, which was raised by petitioner for the first time in his objections to the

10  magistrate judge's findings and recommendations); Laws v. Lamarque, 351 F.3d 919, 923-24

11  (9th Cir. 2003) (case remanded for a hearing on possible equitable tolling of the limitations

12  period for the filing a federal habeas petition, where the only evidence reflecting petitioner's

13  mental condition during the relevant period was the petitioner's unrebutted allegation in his state

14  petition that he was "deprived [ ] of any kind of cons[ci]ousness" in those years");

15  Espinoza-Matthews v. California, 432 F.3d 1021, 1028 (9th Cir. 2005) (statute of limitations

16  tolled because petitioner was denied access to his legal materials during the relevant period).

17          On the other hand, respondent would suffer prejudice were the court to reopen this

18  case, which was litigated on the merits and has been closed for now more than a year.  Further,

19  petitioner's stated reasons for his delay in filing his objections lack credibility in light of the fact

20  that petitioner diligently and competently pursued this habeas action when it was pending in this

21  court.  Even if petitioner enlisted his fellow inmates or jailhouse lawyers to assist him, his own

22  admission to this effect demonstrate that he was capable of understanding and pursuing his legal

23  rights.  Further, although petitioner may have been unable to find another inmate to help him file

24  his objections, he has failed to demonstrate that he could not file timely objections on his own

25  /////

26  /////

5

1   behalf during the relevant period.[3]  In sum, petitioner has failed to demonstrate excusable neglect

2   or any other reason justifying relief from the operation of the judgment entered in this case.[4]

3                   Accordingly, IT IS HEREBY RECOMMENDED that petitioner's January 8, 2010

4   "request for Fed. R. Civ. P. Rule 60(b)(1) hearing and motion for appointment of counsel" be

5   denied.

6                   These findings and recommendations are submitted to the United States District

7   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

8   one days after being served with these findings and recommendations, any party may file written

9   objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11  shall be served and filed within fourteen days after service of the objections.  The parties are

12  advised that failure to file objections within the specified time may waive the right to appeal the

13  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14  DATED: June 24, 2010.

15

16  _____

17  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

18  DAD:8
    brown1195.60b

19

20  [3]   In the context of equitable tolling of the limitations period for filing federal habeas
    petitions, ignorance of the law and pro se status are insufficient to toll the statute.  See Raspberry v.
21  Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not,
    by itself, an extraordinary circumstance warranting equitable tolling"); Turner v. Johnson, 177 F.3d
22  390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of
    representation during the applicable filing period merits equitable tolling"); Sperling v. White, 30
23  F. Supp.2d 1246, 1254 (C.D. Cal. 1998) (a lack of knowledge of the law is not an "extraordinary
    circumstance" beyond the petitioner's control sufficient to entitle a petitioner to equitable tolling of
24  the limitations period).

25  [4]   Finally, the undersigned has reviewed the objections attached to petitioner's motion for
    relief from judgment and concludes that they would not lead to amended recommendations on any
26  of petitioner's claims even if they were to be considered.

6