Edward Don Brown, T-60348
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960



*original*

FILED

JUL 28 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD DON BROWN,

    Petitioner,

vs.

WARDEN YATES,

    Respondent,
_____/

No. CV-S-05-1195 LKK DAD P

OBJECTIONS TO MAGISTRATE'S
FINDINGS AND RECOMMENDATIONS

## INTRODUCTION

On june 24, 2010, the Magistrate in this matter filed a "Findings and Recommendations" which it was recommended that petitioner's request for a Federal Rules of Civil Procedure Rule 60(b)(6) Request for a Re-Hearing be denied.

The notice at the conclusion of the Findings and Recommendations provided that within 21 days after the date of service, petitioner could file an Objections with the Court.

Pursuant to said notice, petitioner timely files and serves these objections to the Magistrate's Findings and Recommendations.

1.

<u>OBJECTIONS</u>

I.
THE MAGISTRATE'S FINDINGS WERE
IN ERROR
(pp. 4-6.)

1. The magistrate incorrectly concluded that during the time period permitted for filing of his objections. Petitioner's mental condition was "stable" and his "thought processes were within normal limits.

Petitioner argued that his failure to file timely objections was the result of his mental illness, which is an excusable neglect.

The Magistrate concluded that petitioner has failed to demonstrate a valid reason for his delay in filing objections to the Curt's March 5, 2009 findings and recommendations. And that the medical records submitted by both parties reflect that during the time period permitted for filing of those objections, petitioner's mental condition was described as "stable," he adjusted to prison life after initial difficulties, his thought processes were within normal limits, he was not suffering delusions, he had no suicidal ideation, his intellectual functioning was within normal limits, he was "doing well," he had "no signs of distress or deterioration," AND HE WAS TAKING MEDICATION TO CONTROL HIS SYMPTOMS. (Findings & Recommendations at *4.)

As the Magistrate has concluded petitioner's mental condition had become better, since he started taking medication. These medications included him taking: "15 mg of Zydis, to stabilize his mood; 30 mg of Buspar to help compliment antidepressant for his dysphoric mood; 150 mg of Effexor to also stabilize his mood; and 50 mg of Benadryl to help promote sleep." (Exhibit "A".)

What the magistrate failed to realize was that each of these medicines had side effects that seriously affected the way petitioner functioned day to day. These

2.

side effects included, but was not limited to effecting petitioner's central nervous system, dizziness, light headed, drowsiness, which all cause petitioner to be less alert than normally; Petitioner also suffered from blurred vision, and headaches. All side effects of the medication petitioner was taking to help stabilize his mood, and help him to sleep.

Petitioner also contends that the magistrate also failed to take into account was that petitioner suffered from several head injuries. (Exhibit "B".)

Clearly petitioner's mental state prevented him from filing timely objections. Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available, when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" and "the extraordinary circumstances were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003)

This court has held that a "putative habeas petitioner's mental incompetency is a condition that is, obviously, an extraordinary circumstance beyond petitioner's control," so "mental incompetency justifies equitable tolling" of the AEDPA statute of limitations. Calderon v. United States District Court (Kelly), 163 F.3d 530, 541 (9th Cir.1998) (en banc). This court has also suggested that the firmly entrenched common law right to competence persisting beyond trial is a strong indicator of a constitutional due process right to competency in postconviction proceedings or to a stay of proceedings until competence is regained. Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 813 (9th Cir.2003).

While Calderon (Kelly) and Rohan were death penalty cases and in different procedural postures from the present one here, their basic principle is plainly applicable here: Where a habeas petitioner's mental incompetence is fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an "extraordinary circumstance beyond his control," and the deadline should be equitably tolled. See Laws v. Lamarque 351 F.3d 919 (9th Cir.2003).

3

If mental incompetence can preclude one prisoner from communicating with his own advocate, it might also preclude another from communicating with the court. In Nara v. Frank, 264 F.3d 310, 319-20 (3d Cir.2001), overruled in part on other grounds by Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), there was "no evidence in the record that Nara's current mental status affected his ability to present his habeas petition," but there was evidence "of ongoing, if not consecutive, periods of mental incompetency." Id., at 320. Therefore the district court should not only ordered an expansion of petitioner's mental health record, but should had ordered an evidentiary hearing as is necessary to determine how much, if any, of the period of filing his objections should be equitable tolled by virtue of petitioner's mental incompetence. See Laws v. Lamarque, 351 F.3d 919 (9th Cir.2003).

Furthermore, the fact that petitioner's mental incompetence was elevated by the medication he was taking to treat his symptoms related to his mental illness. Which is a valid reason for his delay in filing objections to the court's March 5, 2009, findings and recommendations. The medical records submitted by both parties demonstrate that had it not been for petitioner's mental illness and the treatment he received for that illness, he would had been able to file his objections. And although petitioner had the assistance of another inmate, it cannot substitute for appointment of court appointed counsel, or for a full development of the factual record or ordering an evidentiary hearing concerning his mental state prior to that period. See Rules Governing Section 2254 Cases 6 & 7.

Therefore the magistrate's findings and recommendations should be rejected as the court continues to not allow petitioner to communicate with this court, or provide him with the means of communicating with this court.

4.

Dated: July 21, 2010

Edward Don Brown

This motion was prepared by inmate Fred Price, CDCR# H-63510, A5-127L on July 21, 2010.

Fred Price

5.

# Exhibit

A

# MENTAL HEALTH TREATMENT PLAN

☒ Initial  ☐ Update  ☐ BiWeekly  ☐ MHCB Review  ☐ Quarterly Review  ☐ Annual Review

| I. GENERAL INFORMATION: | | Current Level of Care: ☐ NONE  ☐ CCCMS  ☐ EOP | TODAY'S DATE: 7/7/2008 |
|---|---|---|---|
| Treatment Setting: SVSP CTC-MHCB | | ☒ MHCB  ☐ OTHER | NEXT UPDATE: q weekly |
| Age: 27   Race: Caucasian   Points: 139 | | DDP = NCF | |
| Arrival Date This Treatment Setting: Admitted 7/3/2008 | | Current Housing: ☐ RC ☐ GP ☒ CTC ☐ SNY | |
| From: A5-103  CCCMS  Dr. Sanders | | ☐ ASU ☐ PSU ☐ SHU ☐ OTHER: | |
| Custody Level: IV / SNY | | EPRD: 3/17/2036 | |
| Date Reviewed: 7/7/2008  Initials: | Date:  Initials: | Date:  Initials: | |

**II. CLINICAL SUMMARY:** The inmate was sent back on 7/3/08 by Dr. Sanders after he was caught smoking cigarettes. After the officers did a cell search, they also found wine in his cell. He reportedly felt "the COs now are out to get me." He threatened to cut himself if sent back to A yard. Dr. Sanders attempted to work on coping strategies but he was not receptive. HE claimed to have heard "voices telling him to kill himself" but this was thought to not be genuine as it was more self-serving and in the past his symptoms were questions by several providers. He also was not observed to have objective findings of psychotic disorders. His suicidal risk assessment indicated "conditional risk." He remained in safety cell for 48 hours and was finally able to go to regular cell.

**III. PROBLEM LIST:**

| Number | Problem | Intervention/Clinician | Goal Progress / Date |
|---|---|---|---|
| 1 | Instrumental Behaviors | CTC-MHCB staff | Set appropriate boundaries/Help inmate learn better coping |
| 2 | Threat to harm self | CTC-MHCB staff | Conditional in order to not be responsible for his disciplinary |
| 3 | Dysphoric Mood | CTC-MHCB staff | Reduce symptoms by next week |
| | | | |

**IV. PSYCHOTROPIC MEDICATION:**

| Number | Rx | Intervention/Clinician | Goal Progress / Date |
|---|---|---|---|
| 1 | Zydis 15 mg HS | CTC-MHCB Psychiatrist | Stabilize mood by next for possible discharge |
| 2 | Buspar 30 mg BID | CTC-MHCB Psychiatrist | Compliment antidepressant for dysphoric mood |
| 3 | Effexor XR 150 mg QAM | CTC-MHCB Psychiatrist | Stabilize mood by next week for possible discharge |
| 4 | Benadryl 50 mg PO QHS | CTC-MHCB Psychiatrist | Promote sleep-helpful |

**V. CURRENT RISK FACTORS/BEHAVIORAL ALERTS:** ☐ Suicidal  ☒ Self Injurious  ☐ Assaultive  ☐ Keyhea Date Expires:

See Form: CTC record / UHR   Dated: multiple   For Detailed Description

Summary: see CTC record / UHR

Last SRE date: 7/7/2008   Last SRE rating: low/conditional   History of Suicide Attempts: put rope around neck in 1991, took rat poisoning on 2/17/98, cutting self at age 17

**VI. RECOMMENDED HOUSING:** ☐ Single Cell  ☐ Double Cell  ☒ No Recommendation

**VII. TRANSFER/DISCHARGE TO:** ☐ Non-MHSDS  ☐ CCCMS  ☐ EOP  ☒ MHCB  ☐ APP  ☐ ICF  ☐ DTP  ☐ Parole

| INSTITUTION: SVSP | CLINICIAN: S. Kittimongcolporn, M.D. | Name (Last, First, MI), CDC Number, DOB |
|---|---|---|
| INMATE BED NUMBER: MHCB - 5 | DATE: 7/7/2008 | **BROWN, EDWARD** |
| MENTAL HEALTH TREATMENT PLAN CDCR 7388 (Rev. 06/06) (Replaces MH2) Confidential Client/Patient Information Page 1 of 3 | | T60348  DOB 11/08/1980 |

STATE OF CALIFORNIA   DEPARTMENT OF CORRECTIONS AND REHABILITATION

5

EXHIBIT

B

# MENTAL HEALTH TREATMENT PLAN

## IX. CURRENT DSM DIAGNOSIS

**Axis I.**
- 298.9  Psychotic D/O NOS
- 304.30  Cannabis Dependence In Remission
- 305.00  Alcohol Abuse - IR
- R/O Malingering

**Axis II.**  301.7  ASPD

**Axis III.**  Multiple Head Injuries

**Axis IV.**  Incarceration

**Axis V.**  GAF= 65  Specify Functional Impairment: NONE  1 = Mild  2 = Moderate  3 = Severe
Work/School   ADL   Medical   Interpersonal   Behavior   Psychological

## X. Treatment Team Members

| Member | Name/Title | Signature |
|---|---|---|
| IDTT Leader | C. Sanders, Ph.D. | [signed] |
| Case Manager/Primary Clinician | C. Sanders, Ph.D. | [signed] |
| Psychiatrist | A.S. Abrams, MD | [signed] Abrams MD |
| Correctional Counselor | | |
| Other | | |

## XI. Interventions:

| Intervention | Frequency and Duration | Additional Information |
|---|---|---|
| Evaluation by Staff Psychiatrist | (Quarterly) / PRN | |
| Case/IDTT Review | (Annual) / PRN | |
| Psychological Follow-up | (Quarterly) / PRN | I/m Declines |
| Group: (Recommended) / Not | Prior to end of treatment year | |
| Self-help Groups: (Recommended) / Not | See Distance Learning Schedule | |
| Work: (Recommended) / Not | Determined by supervisory staff | Job name: |
| Education: (Recommended) / Not | Determined by educational staff | HS / GED / College |
| AA/NA Groups: (Recommended) / Not | As available | Drug(s) of choice: EtOH THC |
| Other: | | |

Institution: **SVSP**   Clinician: C. Sanders, Ph.D.   Date:

MENTAL HEALTH TREATMENT PLAN
CDCR 7388 (Rev. 06/06)
Confidential Client/Patient Information
Page 5 of 6

Last Name: Brown   First Name: F.
CDC #: T60348   DOB: 11/8/80

STATE OF CALIFORNIA
COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, **Edward Brown**, declare under penalty of perjury that: I am the **Petitioner** in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this **22** day of **July**, 20 **10**, at Salinas Valley State Prison, Soledad, California 93960-1050.

(Signature) _Edward Hon Brown_
DECLARANT/PRISONER

---

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, **Edward Brown**, am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-1050.

On **July 22**, 20 **10**, I served the foregoing: **Objections To The Magistrate's Findings And Recommendations**

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, California 93960-1050.

**Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 94244-2550**

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

---

I declare under penalty of perjury that the foregoing is true and correct.

DATED: **July 22**, 20 **10**,   _Edward Hon Brown_
DECLARANT/PRISONER