1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    EDWARD DON BROWN,                        No.  2:05-cv-1195 DAD CSK P

12                     Petitioner,

13        v.                                   FINDINGS AND RECOMMENDATIONS

14    B. CATES,

15                     Respondent.

16

17            Petitioner is a state prisoner proceeding pro se and in forma pauperis.  This action seeking

18    habeas relief under 28 U.S.C. § 2254 was closed on March 31, 2009.  Petitioner's motion for a

19    new state court trial, filed on August 12, 2024, is before the Court.  As discussed below, the Court

20    recommends that the motion be denied.

21    I.       BACKGROUND

22            On June 15, 2005, petitioner filed an application for a writ of habeas corpus pursuant to

23    28 U.S.C. § 2254.  Petitioner challenged his 2001 conviction in the Butte County Superior Court.

24    (ECF No. 1.)  Through counsel, petitioner entered a dual plea of not guilty and not guilty by

25    reason of insanity to the charges set forth in an amended information.  (ECF No. 21 at 1.)  On

26    April 11, 2002, petitioner withdrew his previously entered plea and entered pleas of no contest to

27    assault with a firearm on a police officer, kidnapping, first degree robbery, and resisting an

28    officer.  (Id.)  With sentencing enhancements for causing great bodily injury and intentional use

                                                     1

1   of a firearm causing great bodily injury, petitioner was sentenced to an aggregate term of 49 years

2   in state prison.  (Id. at 2.)  The California Court of Appeal modified the judgment due to

3   sentencing error, and reduced petitioner's sentence to a total aggregate term of 36 years and four

4   months.  (Id.)  As modified, petitioner's judgment of conviction was affirmed on October 13,

5   2003.  People v. Brown, No. C041719 (3d Dist. Cal.).[1]

6          Petitioner sought habeas relief on the following grounds:

7                  (1) he was denied the effective assistance of counsel when his
                   attorney failed to raise the issue of petitioner's developmental
8                  disability and its impact on his competency to stand trial; (2) the trial
                   court failed to "personally" take a voluntary and intelligent waiver of
9                  his right to a trial in violation of his due process rights; and (3) he
                   was denied effective assistance of appellate counsel when his
10                 attorney on appeal failed to raise potentially meritorious
                   constitutional claims.
11

12  (ECF No. 21 at 2.)

13         On March 5, 2009, the assigned magistrate judge issued findings and recommendations

14  recommending that the habeas petition be denied on the merits.  (ECF No. 21.)  On March 31,

15  2009, the district court adopted the findings and recommendations in full, and judgment was

16  entered.  (ECF Nos. 22, 23.)  Petitioner sought reconsideration.  (ECF No. 24.)  His request for

17  relief under Rule 60(b) of the Federal Rules of Civil Procedure was denied over petitioner's

18  objections on August 31, 2010.  (ECF Nos. 32, 35, 36.)  Petitioner filed an appeal, which was

19  denied as untimely.  (ECF Nos. 37, 41.)

20         The website for the California state courts reflects that petitioner has not sought relief in

21  the California Supreme Court since he filed his first and only petition for writ of habeas corpus on

22  March 19, 2012.  Brown (Edward Don) on H.C., No. S200976 (Cal. Sup. Ct.).  The California

23  Supreme Court denied the petition on June 20, 2012, citing In re Robbins, 18 Cal.4th 770, 780

24

25  [1]  The court may take judicial notice of facts that are "not subject to reasonable dispute
    because it . . . can be accurately and readily determined from sources whose accuracy cannot
26  reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on
    official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir.
27  2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v.
    Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California
28  state courts is www.courts.ca.gov.

1    (1998), and In re Miller, 17 Cal.2d 734, 735 (1941).  Id.

2            On August 12, 2024, petitioner filed the instant motion styled, "Motion for Trial De

3    Novo:  to Cure Plea Bargain. . . Raising Issues on Time Calculations--SB 620 Gun

4    [Enhancement] § 12022.53(b) . . . Motion to Call Expert Witness Psychologist."  (ECF No. 42.)

5    II.        PETITIONER'S MOTION FOR NEW TRIAL

6            Petitioner seeks a new trial in state court.  However, this case is closed, and this Court

7    does not have jurisdiction to order the state court to hold a new criminal trial.[2]  Rather,

8    petitioner's motion attempts to raise additional and new claims challenging his Butte County

9    criminal conviction, which must be pursued through a petition for writ of habeas corpus under

10   28 U.S.C. § 2254.

11   III.       SUCCESSIVE PETITION

12           Petitioner appears to seek a new trial on the grounds that his guilty plea was not

13   voluntarily entered and also asserts that he is entitled to sentencing relief under California Senate

14   Bill 620 and California Penal Code § 12022.53.  (ECF No. 42 at 4-15.)

15           A second or successive petition that raises the same grounds as a prior petition must be

16   dismissed.  28 U.S.C. § 2244(b)(1).  Dismissal is also required for a second or successive petition

17   raising a new ground unless the petitioner can show that (1) the claim rests on a new

18

19   [2]  This Court does not construe petitioner's motion as a request for reconsideration of the final
     order of the district court because such motion would be untimely.  Rule 60(b) permits a district
20   court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence,
     surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse
21   party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason
     justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  A motion under Rule
22   60(b) must be made within a reasonable time, in any event "not more than one year after the
     judgment, order, or proceeding was entered or taken."  Id.  Petitioner's motion was filed over 15
23   years after judgment was entered.  In addition, a petitioner "may not disguise a second or
     successive habeas petition by styling it as a Rule 60 motion to avoid [the Antiterrorism and
24   Effective Death Penalty Act's ("AEDPA's")] filing restrictions."  Christian v. Thomas, 982 F.3d
     1215, 1220 (9th Cir. 2020); see also Jones v. Ryan, 733 F.3d 825, 833 (9th Cir. 2013) ("Habeas
25   corpus petitioners cannot utilize a Rule 60(b) motion to make an end-run around the requirements
     of AEDPA or to otherwise circumvent that statute's restrictions on second or successive habeas
26   corpus petitions." (internal quotation marks and citations omitted)), cert. denied, 571 U.S. 984
     (2013).  The habeas petitioner is still required to "meet the criteria set forth in 28 U.S.C.
27   § 2244(b)(2)."  Jones, 733 F.3d at 834 (citations omitted).

28

                                                      3

1    constitutional right, made retroactive by the United States Supreme Court or (2) the factual basis

2    of the claim was not previously discoverable through due diligence, and these new facts establish

3    by clear and convincing evidence that but for the constitutional error, no reasonable factfinder

4    would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).

5         However, the district court does not decide whether a second or successive petition meets

6    these requirements.  Instead, the petitioner must first obtain leave from the Ninth Circuit Court of

7    Appeals to proceed.  See § 2244 (b)(3)(A) ("Before a second or successive application permitted

8    by this section is filed in the district court, the applicant shall move in the appropriate court of

9    appeals for an order authorizing the district court to consider the application."); Burton v. Stewart,

10   549 U.S. 147, 152-53 (2007); Chades v. Hill, 976 F.3d 1055, 1056 (9th Cir. 2020).  This court is

11   required to dismiss a second or successive petition unless the Court of Appeals has given

12   petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a

13   second or successive petition.  Burton, 549 U.S. at 152; Cooper v. Calderon, 274 F.3d 1270, 1274

14   (9th Cir. 2001).  "A petitioner's failure to seek such authorization from the appropriate appellate

15   court before filing a second or successive habeas petition acts as a jurisdictional bar."  Rishor v.

16   Ferguson, 822 F.3d 482, 490 (9th Cir. 2016), cert. denied, 581 U.S. 1019 (2017); Burton, 549

17   U.S. at 153.

18        As noted above, petitioner previously filed an application for a writ of habeas corpus

19   attacking the conviction and sentence challenged in his 2024 motion.  The previous application

20   was filed on June 15, 2005, and was denied on the merits on March 31, 2009.  Before petitioner

21   can again challenge his Butte County conviction, he must move in the United States Court of

22   Appeals for the Ninth Circuit for an order authorizing the district court to consider the

23   application.  28 U.S.C. § 2244(b)(3).  Therefore, petitioner's motion challenging his underlying

24   conviction must be denied without prejudice to the filing of a petition for writ of habeas corpus

25   once he obtains authorization from the United States Court of Appeals for the Ninth Circuit.

26   IV.    CONCLUSION

27        Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion (ECF No. 42)

28   be denied without prejudice to the filing of a petition for writ of habeas corpus once he obtains

1  authorization from the United States Court of Appeals for the Ninth Circuit.

2       These findings and recommendations are submitted to the United States District Judge

3  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

4  after being served with these findings and recommendations, petitioner may file written

5  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

6  Findings and Recommendations."  Petitioner is advised that failure to file objections within the

7  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

8  F.2d 1153 (9th Cir. 1991).

9

10  Dated:  January 16, 2025

11  _____

12  CHI SOO KIM
    UNITED STATES MAGISTRATE JUDGE

13  /1/brow1195.succ

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5