1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDWARD DON BROWN,                          No.  2:05-cv-1195 DAD CSK P

12                    Petitioner,

13         v.                                   ORDER

14   B. CATES,

15                    Respondent.

16

17        Petitioner is a state prisoner proceeding pro se and in forma pauperis.  The matter was

18   referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

19   302.  This action seeking habeas relief under 28 U.S.C. § 2254 was closed on March 31, 2009.

20   On February 19, 2025, the district court adopted this Court's findings and recommendations (ECF

21   No. 44), and denied petitioner's motion for a new state court trial without prejudice to the filing

22   of a second or successive federal habeas petition if authorized by the United States Court of

23   Appeals for the Ninth Circuit.  (ECF No. 45.)

24        On March 10, 2025, petitioner filed a document styled, "Response to Order Adopting

25   Findings and Recommendations and Denying Petitioner's Motion for a New State Court Trial

26   Without Prejudice to the filing of a Second or Successive Federal Writ of Habeas Petition if

27   Authorized."  (ECF No. 46.)  However, petitioner's response does not bear petitioner's signature.

28   (Id.)  All parties, including those proceeding without counsel, are required to sign all pleadings,

1

1   motions, and other papers submitted to the court for filing.  Fed. R. Civ. P. 11(a).  The Court is

2   unable to consider a filing as a request for Court action unless the petitioner files a proper motion

3   and signs it.

4          In addition, petitioner should ensure he is providing all documents he claims are enclosed.

5   Petitioner provided an order from the Ninth Circuit which stated that the appellate court would

6   not require petitioner to submit a disclosure statement, and therefore his request for extension of

7   time was unnecessary.  <u>Brown v. Cates</u>, No. 25-712 (9th Cir. Feb. 18, 2025).  Petitioner also

8   claims he enclosed "permission to file a second or successive writ of habeas corpus which was

9   granted for the Superior Court of Butte County."  (ECF No. 46 at 1.)  But no such document was

10  enclosed.  It is unclear what permission petitioner references, because the Ninth Circuit docket in

11  <u>Brown v. Cates</u>, No. 25-712, reflects that petitioner's application for leave to file a second or

12  successive § 2254 petition is still pending as of March 12, 2025.[1]  Petitioner is advised that if the

13  Ninth Circuit grants petitioner permission to file a second or successive writ of habeas corpus, he

14  must file a new petition for writ of habeas corpus in a new action.  This action is now closed, and

15  any second or successive habeas petition must be opened as a new action.

16         Therefore, petitioner is provided an opportunity to re-file the March 10, 2025 "response,"

17  indicate what action he requests this Court to take, provide all documents he claims are enclosed,

18  and sign and date the re-filing.  All filings must bear petitioner's signature.  Failure to comply

19  with this order will result in an order striking the unsigned response (ECF No. 46).

20         Accordingly, IT IS HEREBY ORDERED that petitioner is granted twenty-one days from

21  the date of this order in which to re-file the March 10, 2025 response (ECF No. 46) bearing

22  petitioner's signature, advising what Court action petitioner seeks, and providing all documents

23  he claims are enclosed.  Petitioner is cautioned that failure to re-file the March 10, 2025 filing

24  ///

25  ///

26

27  [1]  A court may take judicial notice of court records.  <u>See</u>, <u>e.g.</u>, <u>Bennett v. Medtronic, Inc.</u>, 285
    F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both

28  within and without the federal judicial system, if those proceedings have a direct relation to
    matters at issue") (internal quotation omitted).

1  will result in an order striking the unsigned response (ECF No. 46).

3  Dated:  March 14, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6  /1/brow1195.r11