UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DON BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>B. CATES,<br><br>    Respondent. | No.  2:05-cv-1195 DAD CSK P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This action seeking habeas relief under 28 U.S.C. § 2254 was closed on March 31, 2009, and judgment was entered. (ECF Nos. 22, 23.)  On February 19, 2025, the district court adopted this Court's findings and recommendations (ECF No. 44) in full, and denied petitioner's motion for a new state court trial without prejudice to the filing of a second or successive federal habeas petition if authorized by the United States Court of Appeals for the Ninth Circuit.  (ECF No. 45.)

On March 10, 2025, petitioner filed a document styled, "Response to Order Adopting Findings and Recommendations and Denying Petitioner's Motion for a New State Court Trial Without Prejudice to the filing of a Second or Successive Federal Writ of Habeas Petition if Authorized."  (ECF No. 46.)  On March 14, 2025, petitioner was granted 21 days to re-file the response bearing his signature, to include all documents referenced therein, and to set forth what

1

1  Court action he requests. (ECF No. 47.) On March 26, 2025, petitioner filed a document styled,
2  "Motion for Admissions." (ECF No. 48.) Petitioner purportedly provides a signature for the
3  March 10, 2025 filing, and includes the previously omitted exhibit which he contends provides
4  him permission to file a second or successive writ of habeas corpus. (Id.)

5  However, the document provided by petitioner is a "Docketing Notice" from the Clerk of
6  Court for the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"). (ECF No.
7  48 at 2.) This notice was filed in Brown v. Cates, No. 25-712 (9th Cir. Feb. 4, 2025). The
8  docketing notice required petitioner to file a disclosure statement (Form 34) if petitioner's case
9  involved certain issues. (ECF No. 48 at 2.) However, as explained in the February 18, 2025
10 order issued by the Ninth Circuit, petitioner is not required to file a disclosure statement in his
11 case. (ECF No. 46 at 4.) The order does not address or mention the filing of a second or
12 successive petition. (Id.)

13 Contrary to petitioner's contention, the docketing notice and the subsequent order from
14 the Ninth Circuit do not grant petitioner authorization to file a second or successive petition for
15 writ of habeas corpus in the Eastern District of California. Indeed, the Ninth Circuit docket in
16 Brown v. Cates, No. 25-712, reflects that petitioner's application for leave to file a second or
17 successive § 2254 petition is still pending as of April 3, 2025.[1] Petitioner is advised that if the
18 Ninth Circuit grants petitioner permission to file a second or successive writ of habeas corpus, the
19 Ninth Circuit will do so by issuing an order that expressly sets forth such authorization. Should
20 the Ninth Circuit issue such an order in the future, petitioner must file a new case in the Eastern
21 District of California. In other words, any second or successive habeas petition must be filed as a
22 new action, accompanied by an application to proceed in forma pauperis or the appropriate filing
23 fee, and a copy of an order from the Ninth Circuit expressly authorizing the filing of such second
24 or successive petition.
25 ///
26

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1    This action, No. 2:05-cv-1195 DAD CSK P, has been terminated.  Thus, petitioner shall
2 not file anything further in this closed case.  Because this case is closed, petitioner is cautioned
3 that the Court may not respond to any further filings in this closed case.
4    Accordingly, IT IS HEREBY ORDERED that petitioner's responses (ECF Nos. 46, 48)
5 do not demonstrate petitioner was authorized by the Ninth Circuit to file a second or successive
6 petition.  Petitioner shall not file anything further in this closed case, and the Court may not
7 respond to any future filings in this closed case.

9 Dated:  April 4, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

12 /1/brow1195.den

3