1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DON BROWN, | No. 2:05-cv-1195 DAD CSK P |
| Petitioner, | |
| v. | ORDER |
| B. CATES, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This action seeking habeas relief under 28 U.S.C. § 2254 was closed on March 31, 2009, and judgment was entered. (ECF Nos. 22, 23.) Petitioner filed a motion for new state court trial, and on January 17, 2025, this Court recommended that the motion be denied. (ECF Nos. 42, 44.) On February 19, 2025, the district court adopted this Court's findings and recommendations (ECF No. 44) in full, and denied petitioner's motion for a new state court trial without prejudice to the filing of a second or successive federal habeas petition if authorized by the United States Court of Appeals for the Ninth Circuit. (ECF No. 45.)

On June 5, 2025, petitioner filed a letter stating that he has been incarcerated since he was 19 years old and believes he should have been released by now because of California's

1

1    Proposition 57 and other new laws that would entitle him to resentencing.[1]  (ECF No. 50.)

2            However, as petitioner was informed in the district court's February 19, 2025 order,

3    petitioner cannot file a federal habeas petition in this Court until the United States Court of

4    Appeals for the Ninth Circuit grants petitioner authorization to file a second or successive petition

5    for writ of habeas corpus in the Eastern District of California.  (ECF No. 45.)  On May 28, 2025,

6    the Ninth Circuit denied petitioner's application for leave to file a second or successive § 2254

7    petition.  Brown v. Cates, No. 25-712 (9th Cir. 2025).  The Ninth Circuit wrote:

>   The application for authorization to file a second or successive
>   28 U.S.C. § 2254 habeas corpus petition in the district court is denied
>   without prejudice to filing a new application that complies with
>   Ninth Circuit Rule 22-3.  Specifically, the application must:
>   (1) include the proposed second or successive § 2254 petition that
>   the applicant seeks to file in the district court; and (2) state as to each
>   claim presented whether it previously has been raised in any state or
>   federal court and, if so, the name of the court and the date of the order
>   disposing of the claim(s); and (3) state how the requirements of
>   § 2244(b) have been satisfied.

14   No. 25-712 (ECF No. 8).[2]  Once petitioner complies with the Ninth Circuit's order and if the

15   Ninth Circuit grants him permission to file a second or successive petition, only then may

16   petitioner file a new petition for writ of habeas corpus in the Eastern District of California.  In

17   other words, any second or successive habeas petition must be filed as a new action, accompanied

18   by an application to proceed in forma pauperis or the appropriate filing fee, and a copy of an

19   order from the Ninth Circuit expressly authorizing the filing of such second or successive

20   petition.

---

[1] In 2016, California voters approved Proposition 57 which, in pertinent part, requires that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. Art. I, § 32(a)(1).  The "full term for the primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence."  Id. § 32(a)(1)(A).

[2] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1       Further, the CDCR California Incarcerated Records and Information Search ("CIRIS") reflects that petitioner has had parole hearings since 2016, and currently has a tentative date for parole suitability hearing scheduled in April 2027.³ To the extent petitioner is asking the Court how to challenge his continued incarceration or his sentence imposed by the California trial court, petitioner is advised that the Court is unable to provide legal advice.

        As petitioner was informed in the April 8, 2025 order, this action, No. 2:05-cv-1195 DAD CSK P, is closed. Thus, petitioner shall not file anything further in this closed case. Because this case is closed, petitioner is cautioned that the Court may not respond to any further filings in this closed case.

        Accordingly, IT IS HEREBY ORDERED that petitioner's letter (ECF No. 50) is placed in the Court file and disregarded. Petitioner shall not file anything further in this closed case, and the Court may not respond to any future filings in this closed case.

Dated: June 11, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/brow1195.den2

---

³ This information was obtained from the CDCR Inmate Locator website, https://ciris.mt.cdcr.ca.gov/ (accessed June 9, 2025). The Court may take judicial notice of public records available on online inmate locators. See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); see also Foley v. Martz, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).